# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW B. CRAMER, | CASE NO. 1:08-cv-01310-GSA PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| ARNOLD SCHWARZENEGGER, | (Doc. 1) |
| Defendant. | |
| _____/ | |

## Screening Order

**I.     Screening Requirement**

Plaintiff Matthew B. Cramer ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 12132 (Americans with Disabilities Act) and 42 U.S.C. § 1983.  Plaintiff filed this action on June 16, 2008.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

///

1

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." <u>Neitze v. Williams</u>, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.   <u>Plaintiff's Claims</u>

Plaintiff is currently incarcerated at the California Correctional Institution in Tehachapi. The only defendant named in the complaint is Governor Arnold Schwarzenegger, and Plaintiff alleges discrimination in violation of the Americans with Disabilities Act and the Equal Protection Clause of the Fourteenth Amendment. As relief, Plaintiff seeks recognition by the Court of the potential discrimination.

The basis for Plaintiff's claims is the ineligibility of disabled inmates to qualify for conservation camp work assignments. Inmates assigned to conservation camps in Work Group F earn two days credit for every day of qualifying performance. Cal. Code Regs., tit. 15 § 3044(b)(1) (West 2009). Plaintiff alleges he is being discriminated against on the basis of his age and disability because he is not eligible for conservation camp placement and would like to earn two-for-one credits.

### A.   <u>ADA Claim</u>

Title II of the Americans with Disabilities Act (ADA) "prohibit[s] discrimination on the basis of disability." <u>Lovell v. Chandler</u>, 303 F.3d 1039, 1052 (9th Cir. 2002). "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public

///

2

entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability."  Lovell, 303 F.3d at 1052.

Plaintiff may be able to state a claim based on his exclusion from placement at a conservation camp as a result of his disability.  However, Title II applies to public entities and Plaintiff has not named the public entity allegedly responsible for discriminating against him as a defendant.  Because Plaintiff has not linked his claim to a proper defendant, he fails to state a claim.

## B.   Equal Protection Claim

Under section 1983, Plaintiff is required to show that the defendant(s) (1) acted under color of state law, and (2) committed conduct which deprived Plaintiff of a federal right.  Hydrick v. Hunter, 500 F.3d 978, 987 (9th Cir. 2007).  "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'"  Id. at 988 (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'"  Id. (quoting Johnson at 743-44).

"The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike."  City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216 (1982)).  "'To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.'"  Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001) (quoting Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)).  "Intentional discrimination means that a defendant acted at least in part because of a plaintiff's protected status."  Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (quoting Maynard v. City of San Jose, 37 F.3d 1396, 1404 (9th Cir. 1994)) (emphasis in original).

///

Plaintiff has not alleged any facts which support a claim that Governor Schwarzenegger has discriminated against him by treating him differently than other similarly situated inmates. Section 1983 requires a link between the named defendant and the action or omission complained of. Plaintiff has not established any such linkage, and fails to state a claim for denial of equal protection.

## C.    Relief Sought

A request for a court order recognizing potential discrimination is not a legal form of relief. Plaintiff must set forth a request for a form of relief that is available in this civil action.

## III.    Conclusion and Order

Plaintiff's complaint is dismissed for failure to state any claims upon which relief may be granted, with leave to amend to cure the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.    The Clerk's Office shall send Plaintiff a civil rights complaint form;

///

4

2.    Plaintiff's complaint is dismissed for failure to state any claims upon which relief may be granted;

3.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4.    If Plaintiff fails to comply with this order, this action will be dismissed, with prejudice, for failure to state any claims upon which relief may be granted.

IT IS SO ORDERED.

**Dated:**   **March 2, 2009**            **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE